United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Howard McConnell, et al., | No. C 07-2382 WHA (JL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Pacificorp, Inc., | |
| Defendants. | |
| _____/ | |

    The Court reviewed the parties' separate statements regarding a discovery dispute over discovery responses from Plaintiff Michael Hudson (Docket Nos. 180 and 181). Defendants seek an order from the Court compelling Hudson to fully answer Defendants' Interrogatories First Set #11, Second Set # 1-5, and Third Set # 1, and produce all responsive documents within three days, and be deposed about them, or suffer evidentiary sanctions, including preclusion of his claim for damages.

    Plaintiff Michael Hudson, a Bay Area commercial fishermen, alleges that PacifiCorp's operation of dams nearly 200 miles up the Klamath River has caused him to catch less salmon. Hudson, owns three businesses. In addition to fishing, he and his wife jointly own and operate a farmer's market business, Hudson Fish, which sells salmon caught by Hudson and other fishermen. He also is a trained electrician, and has an electrical contracting business.

During times he is unable to fish, Hudson works for Hudson Fish. He is not paid hourly, but rather shares in the increased profits resulting from his labor. Defendants argue that he has mitigated, or could mitigate, his alleged economic damages, either through Hudson Fish or electrical/mechanical contracting. Hudson Fish has more than tripled the price of its salmon as supply has decreased.  Defendants contend it is uncertain that Hudson has suffered any financial loss from catching fewer salmon. Defendants therefore contend that Hudson Fish records are relevant to both mitigation and lost profits.

Plaintiffs object on the basis that Hudson Fish Company is owned and operated by Michael Hudson's wife. They concede that Mr. Hudson has a duty to minimize his damages.  They argue that Defendant does not thereby acquire the right to obtain documents and compel interrogatory responses regarding entirely separate and distinct businesses. *Anheuser-Busch v. Starley* (1946) 28 Cal. 2d 347, 349.  They contend that  Mr. Hudson's obligation to minimize his commercial salmon fishing damages requires him  only (a) to fish commercially for some other type of fish, or (b) seek federal disaster relief funding.  *Id.* Mr. Hudson has produced documents regarding his receipt of disaster relief funding, and has explained at his deposition that he cannot commercially fish for other types of fish because he does not have the proper equipment or knowledge necessary to fish for other types of fish.

**Analysis**

Defendants offer evidence from Hudson's own deposition that Schedule C tax returns and summaries combine the income and expenses for both his fishing business and Hudson Fish.  The two boxes of receipts that he produced to Defendants commingle receipts for the two businesses as well as his personal tax records. Hudson explained " You see, [my wife and I are] kind of joined at the hip. The farmers' market business is . . . a big part of what I do. You cannot split the two [businesses]." Hudson depo. 187:21-24.

## Conclusion and Order

The Court finds that the income and expenses of Hudson's commercial salmon fishing business and Hudson Fish Company are commingled. Accordingly, it is unreasonable to withhold records of other business, discovery of which maybe relevant to damages and mitigation. Plaintiff Hudson shall respond fully to Defendants' discovery requests within three days of the date of this Order, and make himself available for deposition, prior to July 25, 2008, the discovery cut-off in this case, at the risk of monetary or evidentiary sanctions.

IT IS SO ORDERED.

DATED: July 15, 2008

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\07-2382\Order re- 180, 181 .wpd

United States District Court
For the Northern District of California