UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Howard McConnell, et al., | No. C 07-2382 WHA (JL) |
| Plaintiffs, | |
| v. | **ORDER Re Parties' Joint Statements (Docket #s 212, 216)** |
| PacifiCorp, Inc., | |
| Defendants. | |

**Introduction**

All discovery in this case has been referred by the district court (Hon. William H. Allsup) pursuant to 28 U.S.C. §636(b) and Civil Local Rule 72. The parties' discovery disputes, in their Joint Statements e-filed and submitted to the Court, were decided without oral argument pursuant to Civil Local Rule 7-1(b)

**Docket # 212**

In their Joint Statement at Docket # 212 Defendants ask the Court to order Plaintiffs to provide more specific information regarding the 37-page list of documents which Plaintiffs contend support their claims for damages, as ordered by this Court July 5, 2008 at Docket Number 178. On August 1, 2008, per this Court's Standing Order, PacifiCorp and Plaintiffs' counsel met and conferred in person but were unable to resolve the issues described below.

The Court's Order reads, in pertinent part:

" Plaintiffs shall identify the documents in the 37-page list they produced to Defendant, as to how each supports Plaintiffs' claims for damages." (Order at 1:26-27)

At the hearing on the previous motion, the Court had stated, " [PacifiCorp is] entitled to know everything that is going to come up at trial with respect to damages. So if [Plaintiffs are] relying on any kind of reports or literature or whatever about likely medical problems that could result from this type of condition in the future [PacifiCorp] is entitled to know." (Transcript of July 2, 2008 hearing at 9:2-7. (Docket # 179)

Plaintiffs represent that their responses comply with this Court's order. Plaintiffs divided the list of 326 documents into three categories, one discussing factors relating to water quality; another, toxic algae; and a third, salmon population decline.

As Plaintiffs describe them:

The 123 documents in the first category "discuss factors relating to the impaired water quality of the Klamath River and Copco and Iron Gate Reservoirs" and "therefore relate to Plaintiffs' [nuisance and negligence] claims for economic damages relating to the toxic contamination and pollution in the receiving waters" and "to Plaintiffs' [trespass] claim for economic damages related to residual toxic contamination."

The 90 documents in the second category allegedly "discuss factors relating to toxic algae" and according to Plaintiffs, "therefore relate to Plaintiffs' [nuisance and negligence] claims for economic damages related to the toxic contamination and pollution in the receiving waters," "to Plaintiffs' [nuisance and negligence] claims for emotional damages caused by Defendant," and "to Plaintiffs' [trespass] claims for economic damages related to residual toxic contamination."

The 127 documents in the third category "discuss factors relating to the decline of Klamath Salmon" and according to Plaintiffs, "therefore relate to Plaintiffs' claims for [nuisance and negligent] emotional damages caused by Defendant."

Plaintiffs do not explain how any individual document relates to any individual Plaintiff's alleged injuries, only that categories of documents relate to nuisance and

1  negligence claims for economic and emotional damages, or trespass property damages.
2  Plaintiffs' broad categorization of documents provides no indication "as to how each
3  supports Plaintiffs' claims for damages." See Order (Docket No. 178) ¶ 1.
4      Plaintiffs must identify how each document supports their claims for damages. See
5  Order (Docket No. 178) Breaking a 37- page list of documents into three broad and
6  nonexclusive categories based on general subject matter does not correct Plaintiffs' original
7  insufficient response. Fundamentally, Plaintiffs' document identification in response to this
8  Court's order provides no more information than the original 37-page list.
9      Plaintiffs argue that Defendants must already have enough information regarding
10 Plaintiffs' damages claims, since Defendants filed a motion for summary judgment.
11 Plaintiffs also argue that they complied with this Court's order by numbering the documents
12 on the 37-page list sequentially and then categorizing the claims for damages and referring
13 to specific paragraphs in their Complaint where these damages were listed, and then
14 explaining how the documents supported Plaintiffs' claims.
15     The Court finds these justifications completely inadequate. *Harlem River Consumers*
16 *Co-op., Inc. v. Associated Grocers of Harlem, Inc.*, 64 F.R.D. 459, 462 (S.D.N.Y. 1974)
17 (rejecting as nonresponsive blanket categories of documents in response to
18 interrogatories). Plaintiffs' explanations consist of broad characterizations: "discussed
19 factors relating to the impaired water quality of the Klamath River and Copco and Iron Gate
20 Reservoirs," or "discussed factors related to the toxic contamination and pollution of the
21 receiving waters."
22     These explanations do not clarify how specific actions of Defendants or factors
23 under their control caused specific damage to specific Plaintiffs.

### Conclusion and Order re # 212

25 Plaintiffs shall identify, for each document, how it supports which claims of damages,
26 for which Plaintiff or Plaintiffs, with a description of the specific damage, as it relates to the
27 person or property of the Plaintiff or Plaintiffs. Compliance shall be due within ten days of
28 the issuance of this order.

**Docket #216**

**Defendants' requests and Plaintiffs' objections**

Defendants ask the Court to order Plaintiffs to respond to Defendants' Requests For Admissions ("RFAs") and accompanying interrogatories. Defendants' three RFAs asked Plaintiffs to admit that: (1) they have physically recovered from any prior physical injury; (2) they do not have any present physical injury; and (3) it is not more likely than not that Plaintiffs will develop future injury due to exposure to MSAE or microcystin or diet impacts. The accompanying interrogatories seek facts, documents, and witnesses supporting any denial.

Counsel also met and conferred in person on August 1, 2008 to attempt to resolve this portion of their dispute, but were unsuccessful.

Plaintiffs denied each RFA but declined to respond further, other than to contend that the answers are available to Defendants in other discovery such as prior interrogatories, depositions or documents; that the discovery is unreasonably duplicative and cumulative; and that Interrogatory 3 contains impermissible subparts. Defendants reject Plaintiffs' arguments, and ask the Court to find that Plaintiffs' responses violate the Federal Rules in a number of ways.

**Interrogatories have been answered separately**

Defendants ask the Court to find that Plaintiffs fail to comply with the requirement of FRCP 33(b)(3) that each interrogatory "be answered separately and fully in writing under oath." Plaintiffs counter by stating that they have already effectively answered these interrogatories in their responses to Defendants' First Set of Interrogatories - They argue that their response to Interrogatory Number 1 describes each injury that each Plaintiff claims to have suffered, Number 3 identifies the causes contributing to each injury, Number 5 describes each injury that each Plaintiff contends he will suffer, and Number 13 describes each Plaintiff's exposure to MSAE and microcystin. This Court previously upheld the sufficiency of Plaintiffs' answers. (Order at ¶1, Docket No. 178)

**References to other discovery responses are permissible**

Defendants also contend that Plaintiffs' referral to other discovery responses is improper, and cites this Court's decision in the case of *Pacific Lumber Co v. Nat'l Union Fire Ins. Co.,* 2005 WL 318811, 4 (N.D.Cal. 2005). However, the published decision on which this Court relied in *Pacific Lumber* specifies that this is true only where the referral does not lead to enlightening information:

> " Responding to an interrogatory with a reference to another interrogatory or to a document or pleading is improper. 'It is well established that an answer to an interrogatory 'must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, *at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.*' " *Smith v. Logansport Community School Corp.,* 139 F.R.D. 637, 650 (N.D.Ind.1991)(citing 4A J. Moore, J. Lucas, Moore's Federal Practice § 33.25[1](2d ed.1991)) " *Pacific Lumber, Id.* (Emphasis added).

In the *Pacific Lumber* case, the Court expressly found that the references were nonresponsive. That is not the situation here. Plaintiffs have provided specific references to where in their previous interrogatory responses Defendants may find the answers to their current set of interrogatories. Any references to documents will presumably also be responsive, after Plaintiffs adequately identify documents, as provided elsewhere in this Order.

### Interrogatory 3 should be framed as three requests

Plaintiffs object to Interrogatory 3 as containing subparts, and ask the Court to find that it should be framed as three separate requests. Defendants argue that the alleged subparts Plaintiffs object to are "logically or factually subsumed within and necessarily related to the primary question" posed by the interrogatory. *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D.Cal. 1998) (finding interrogatories which correspond to the same RFA to count as one interrogatory under FRCP 33(c) and applicable Local Rules).

Defendants' three RFAs asked Plaintiffs to admit that: (1) they have physically recovered from any prior physical injury; (2) they do not have any present physical injury; and (3) it is not more likely than not that Plaintiffs will develop future injury due to exposure to MSAE or microcystin or diet impacts. This Court finds that the requests satisfy the rule

that an RFA "[is] required to be simple and direct, and should be limited to singular relevant facts."). *Safeco,* 181 F.R.D. at 446.

The next phase of the inquiry is whether the interrogatories exceed the permissible number.

> "[A]n interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should be construed as containing a subpart for each request for admission contained in the set.FN 3. Therefore, each of defendant's requests for admissions as to which a response to the three interrogatories would be required if the request were not admitted should be treated as a separately countable subpart of each of the three interrogatories." *Id.*

Accordingly, Interrogatory 3, since it seeks facts, witnesses, and documents (three categories of responses) for three separate RFA's (asking for past, present, and future injuries, should be framed as three separate requests.

### Defendants seek cumulative and duplicative responses

Plaintiffs ask the Court to find that these additional interrogatories are unreasonably cumulative and duplicative, and that Defendants have had ample opportunity to obtain the information elsewhere, and that the burden and expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. FRCP 26(b)(2) Plaintiffs ask the Court to find that all these factors should be resolved in their favor, especially after Defendants have deposed three Plaintiffs regarding their medical history, exposure to MSAE and microcystin. Plaintiffs claim that the fact that Defendants have already filed a motion for summary judgment indicates that they have sufficient discovery to proceed with the defense of their case. Plaintiffs demonstrate that they have provided answers to Defendants' interrogatories, so Plaintiffs show that the current requests are cumulative and duplicative, within the parameters of discovery which the Court may limit or deny, pursuant to FRCP 26 (b)(2).

### Conclusion and Order re Docket # 216

In this case, Plaintiffs have previously provided virtually the identical information Defendants seek and the Court has found their answers to be responsive. Although Plaintiffs technically have not responded in full and have responded by referring to other documents, the Court finds that, once Plaintiffs have properly identified documents on which they rely, as provided earlier in this Court's Order, they will have complied with the Federal Rules. In addition, Plaintiffs' objections to Interrogatory 3 are well founded. Defendants ask Plaintiffs to provide facts, witnesses, and documents which support their responses to each of the three RFAs. Plaintiffs did not admit the RFAs, accordingly, Interrogatory 3 should be framed as three separate interrogatories. In sum, this Court finds that Plaintiffs have previously effectively responded to Defendants' requests for facts, witnesses and documents supporting Plaintiffs' contentions regarding their past, present, and future injuries and Plaintiffs need not respond further to this last set of interrogatories.

IT IS SO ORDERED.

DATED: August 15, 2008

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\07-2382\Order-212, 216.wpd