1   LATHAM & WATKINS LLP
    Karl S. Lytz (Bar No. 110895)
2   Benjamin J. Horwich (Bar No. 249090)
    Patrick J. Ferguson (Bar No. 252778)
3   Matthew C. Helton (Bar No. 254441)
    505 Montgomery Street, Suite 2000
4   San Francisco, California 94111-6538
    Telephone: (415) 391-0600
5   Facsimile: (415) 395-8095
    Email:
6        Karl.Lytz@lw.com
         Benjamin.Horwich@lw.com
7        Patrick.Ferguson@lw.com
         Matthew.Helton@lw.com
8
    Attorneys for Defendant
9   PACIFICORP, an Oregon Corporation

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12
    HOWARD McCONNELL; LEAF G.              CASE NO.: C 07-02382 WHA
13  HILLMAN; ROBERT ATTEBERY;
    FRANKIE JOE MYERS; TERANCE J.         STIPULATION OF DISMISSAL OF ALL
14  SUPAHAN; MICHAEL T. HUDSON;           REMAINING CLAIMS AND PLAINTIFFS:
    BLYTHE REIS; and KLAMATH              HOWARD MCCONNELL, BLYTHE REIS,
15  RIVERKEEPER, a project of KLAMATH     TERANCE SUPAHAN, FRANKIE JOE
    FOREST ALLIANCE, a California nonprofit  MYERS, AND LEAF HILLMAN;
16  corporation;                          [PROPOSED] ORDER THEREON

17             Plaintiffs,

18       v.                               Judge: Hon. William H. Alsup

19  PACIFICORP, INC., an Oregon Corporation;  Trial Date: December 1, 2008

20             Defendant.

21

22

23

24

25

26

27

28

1

1    **STIPULATION**

2    **IT IS HEREBY STIPULATED, BY AND THROUGH COUNSEL OF**

3    **RECORD:**

4        1. The claims of Plaintiff Howard McConnell are hereby dismissed with

5    prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).

6        2. The claims of Plaintiff Blythe Reis are hereby dismissed with prejudice

7    pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).

8        3. The claims of Plaintiff Terance Supahan are hereby dismissed with prejudice

9    pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).

10       4. The claims of Plaintiff Frankie Joe Myers are hereby dismissed with prejudice

11   pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).

12       5. The claims of Plaintiff Leaf Hillman are hereby dismissed with prejudice

13   pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).

14       6. Each side shall bear its own costs.

15       7. All pending motions are withdrawn.

16       8. PacifiCorp waives its right to recover the fees and expenses awarded by the

17   Court in its order of September 12, 2008.

18       9. Magistrate Judge Joseph Spero of the United States District Court for the

19   Northern District of California shall retain full and complete jurisdiction of this case for the sole

20   purpose of enforcing compliance by the Parties with the Parties' Settlement Agreement, attached

21   as Exhibit A.

22

23   Dated:  October 15, 2008                              LATHAM & WATKINS LLP

24                                                         Karl S. Lytz
                                                           Benjamin J. Horwich
25                                                         Patrick J. Ferguson
                                                           Matthew C. Helton
26
27                                                    By:_____
                                                          Karl S. Lytz
28

2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Attorneys for Defendant PacifiCorp

Dated:  October 15, 2008

COTCHETT, PITRE & MCCARTHY
Joseph W. Cotchett
Philip L. Gregory

LAWYERS FOR CLEAN WATER, INC.
Daniel G. Cooper

KENNEDY & MADONNA, LLP
Robert F. Kennedy, Jr.
Kevin J. Madonna

By: _____  on behalf of PG
Philip L. Gregory
Attorneys for Plaintiffs
Howard McConnell
Blythe Reis
Terance Supahan
Frankie Joe Myers
Leaf Hillman

## ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: October 27, 2008

IT IS SO ORDERED
Judge William Alsup

Hon. William H. Alsup
United States District Judge

SF\675033.7

3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Stipulation Of Dismissal Of All Remaining Claims And Plaintiffs
[Proposed] Order Thereon
CASE NO. C 07-02382 WHA

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into effective October 15, 2008 ( "Effective Date").

### 1.0   PARTIES

1.1   The parties to this Agreement (individually "Party" and collectively "Parties") are PacifiCorp ("PacifiCorp," including any affiliated persons or entities as described in Paragraph 4.1 below), on the one hand, and Howard McConnell, Blythe Reis, Terance Supahan, Frankie Joe Myers, and Leaf Hillman (individually, "Plaintiff" and collectively "Plaintiffs," including any affiliated persons or entities as described in Paragraph 4.1 below) on the other hand.

### 2.0   RECITALS

2.1   Plaintiffs allege that their persons, businesses, and/or properties have been injured, directly or indirectly, as a result of acts or omissions by PacifiCorp, as described in the Complaint in *McConnell v. PacifiCorp*, No. 07-2382-WHA (JL) (N.D. Cal.).

2.2   PacifiCorp denies Plaintiffs' allegations and denies that it breached any obligation to Plaintiffs, or that it committed any wrong against Plaintiffs, or that it has otherwise damaged Plaintiffs in any way.

### 3.0   PURPOSE OF AGREEMENT

3.1   The Parties desire to resolve and settle all claims by Plaintiffs against PacifiCorp arising out of the transactions and occurrences described in the Complaint in the action entitled *McConnell v. PacifiCorp*, No. 07-2382-WHA (JL) (N.D. Cal.), including but not limited to claims for trespass, nuisance, negligence, personal injury, emotional distress, fear of future injury, future manifestation of injury, and punitive damages.

3.2     This Agreement is entered into solely for the purpose of settling disputed claims and to avoid the expense and uncertainty of litigation. It does not constitute an admission by any Party of any allegation made by any other Party or an admission of any liability or wrongdoing of any kind.

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter expressed, the Parties agree as follows:

4.0     RELEASE AND SECTION 1542 WAIVER

4.1     Plaintiffs, and each of them, individually and on behalf of any of their respective agents, attorneys, representatives, assignees, heirs, administrators, or beneficiaries, for and in consideration of the covenants set forth herein, hereby each release and forever discharge PacifiCorp, and all of its past, present and future agents, servants, representatives, employees, officers, directors, affiliates, parents, subsidiaries, partners, predecessors, successors, related entities, attorneys, insurers, heirs and assigns from any and all claims, demands, obligations, actions, causes of action, damages, costs, expenses, personal injury claims, emotional distress claims, claims for fear of future injury, claims for punitive damages, and compensation of any nature whatsoever, accrued up to and including the Effective Date, arising out of the transactions and occurrences described in the Complaint in the action titled *McConnell v. PacifiCorp*, No. 07-2382-WHA (JL) (N.D. Cal.). This release is intended to and does cover all claims described above, whether asserted or unasserted, foreseen or unforeseen, contingent or absolute, known or unknown, anticipated or unanticipated.

4.2     IN ADDITION, PLAINTIFFS, AND EACH OF THEM, ACKNOWLEDGE THAT THEY ARE FAMILIAR WITH THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542, WHICH PROVIDES AS FOLLOWS:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH

THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN

HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE,

WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY

AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

PLAINTIFFS, AND EACH OF THEM, BEING AWARE OF SAID CODE SECTION, AND
HAVING THE OPPORTUNITY TO CONSULT LEGAL COUNSEL, HEREBY EXPRESSLY
WAIVE ANY RIGHTS THEY MAY HAVE THEREUNDER, AS WELL AS UNDER ANY
OTHER STATUTES OR COMMON LAW PRINCIPLES OF SIMILAR EFFECT.
PLAINTIFFS, AND EACH OF THEM, ACKNOWLEDGE AND AGREE THAT THIS
WAIVER IS AN ESSENTIAL AND MATERIAL TERM OF THIS AGREEMENT, AND
THAT WITHOUT SUCH WAIVER, THIS AGREEMENT WOULD NOT HAVE BEEN
ENTERED INTO BY PACIFICORP.

Plaintiffs, and each of them, further acknowledge that they may discover facts different
from, or in addition to, those facts which they now know or believe to be true, but agree that this
release is now and shall remain effective notwithstanding the existence of the discovery of
additional or different facts. Plaintiffs, and each of them, hereby intentionally waive and
relinquish all rights and benefits under any law of any jurisdiction providing to the contrary, or
any public policy that would limit or render void, voidable or unenforceable any provision of this
release.

4.3     PacifiCorp, on its own part and on behalf of its respective agents,
representatives, assignees, affiliates, parents, subsidiaries, partners, predecessors, successors,
related entities, attorneys, insurers, heirs, administrators, or beneficiaries, for and in

consideration of the covenants set forth herein, hereby releases and forever discharges Plaintiffs, and each of them, and all of their past, present and future agents, servants, representatives, employees, officers, directors, affiliates, parents, subsidiaries, partners, predecessors, successors, related entities, attorneys, insurers, heirs and assigns from any and all claims, demands, obligations, actions, causes of action, damages, costs, expenses, personal injury claims, emotional distress claims, claims for fear of future injury, claims for punitive damages, and compensation of any nature whatsoever, accrued up to and including the Effective Date, arising out of the transactions and occurrences described in the Complaint in the action titled *McConnell v. PacifiCorp*, No. 07-2382-WHA (JL) (N.D. Cal.). This release is intended to and does cover all claims described above, whether asserted or unasserted, foreseen or unforeseen, contingent or absolute, known or unknown, anticipated or unanticipated.

        4.4    IN ADDITION, PACIFICORP ACKNOWLEDGES THAT IT IS FAMILIAR WITH THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542, WHICH PROVIDES AS FOLLOWS:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN
> HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE,
> WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY
> AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

PACIFICORP, BEING AWARE OF SAID CODE SECTION, AND HAVING THE OPPORTUNITY TO CONSULT LEGAL COUNSEL, HEREBY EXPRESSLY WAIVES ANY RIGHTS IT MAY HAVE THEREUNDER, AS WELL AS UNDER ANY OTHER STATUTES OR COMMON LAW PRINCIPLES OF SIMILAR EFFECT. PACIFICORP

4

ACKNOWLEDGES AND AGREES THAT THIS WAIVER IS AN ESSENTIAL AND
MATERIAL TERM OF THIS AGREEMENT, AND THAT WITHOUT SUCH WAIVER, THIS
AGREEMENT WOULD NOT HAVE BEEN ENTERED INTO BY PLAINTIFFS.

PacifiCorp further acknowledges that it may discover facts different from, or in addition
to, those facts which it now knows or believes to be true, but agrees that this release is now and
shall remain effective notwithstanding the existence of the discovery of additional or different
facts. PacifiCorp hereby intentionally waives and relinquishes all rights and benefits under any
law of any jurisdiction providing to the contrary, or any public policy that would limit or render
void, voidable or unenforceable any provision of this release.

### 5.0 DISMISSAL WITH PREJUDICE

5.1 Plaintiffs' attorneys will provide to PacifiCorp's counsel by 5:00 p.m. on
the Effective Date an executed Stipulation For Dismissal With Prejudice, in the form provided in
Exhibit A hereto, of all claims by all Plaintiffs in *McConnell v. PacifiCorp*, No. 07-2382-WHA
(JL) (N.D. Cal.), which dismissal will also include the withdrawal of all pending motions.

### 6.0 CONSIDERATION

6.1. Within 30 days of the Effective Date, Plaintiffs, and each of them, may
submit receipts documenting out-of-pocket expenses, including mileage traveled by personal
vehicle, incurred in connection with travel necessarily involved in their participation in
*McConnell v. PacifiCorp*, No. 07-2382-WHA (JL) (N.D. Cal.). Documentation should be
directed to PacifiCorp's counsel. PacifiCorp will reimburse all such expenses, up to a maximum
payment of $1,000.00 to any single Plaintiff. Documentation for mileage, meals, or hotel shall
be in the form of a letter signed by the Plaintiff indicating the miles driven, the price of the meals
eaten and the price of any hotel rooms rented. Plaintiffs will provide receipts if they exist.

Mileage will be reimbursed at the rate allowed by the IRS (currently $0.585 per mile). Payment will be delivered to Plaintiffs' counsel within 75 days of the Effective Date.

6.2     Within 75 days of the Effective Date, PacifiCorp will deliver a check payable to Oregon State University and designated for the research of Prof. Jerri Bartholomew into *Ceratomyxa shasta* and/or fish disease in the Klamath River (the "Research Funds") in an amount equal to (a) $50,000.00, minus (b) the sum of the amounts paid to Plaintiffs under the foregoing Paragraph 6.1.

7.0     COSTS

7.1     Within 30 days of the Effective Date, PacifiCorp will deliver a check in the amount of $4101.56 to Plaintiffs' expert Michael Rode.

7.2     Except as otherwise provided in the foregoing Paragraphs 6.1 and 7.1, the Parties agree: (a) that Plaintiffs will not be liable for the costs or fees of PacifiCorp's expert witnesses; (b) that PacifiCorp will not be liable for the costs or fees of Plaintiffs' expert witnesses; and (c) to bear their own costs and attorneys fees, incurred in connection with *McConnell v. PacifiCorp*, No. 07-2382-WHA (JL) (N.D. Cal.), and the negotiation and execution of this Agreement.

8.0     MEDIA

8.1     The Parties, and each of them, agree that they will not issue any press release in connection with this settlement, and agree that they will not initiate or respond to any media inquiries except by directing the reporter to the publicly filed stipulation of dismissal provided for in Paragraph 5.1. If a non-party characterizes the Agreement in an inaccurate manner, the Parties agree to work together in good faith to develop and issue a joint statement correcting any inaccuracies.

## 9.0    GENERAL PROVISIONS

9.1     Each Party hereto acknowledges that he, she, or it is and has been represented by counsel in the negotiation of this Agreement, and that this Agreement is the result of arms-length negotiation between and among counsel. Each Party hereto has reviewed the terms and conditions of this Agreement, and has relied on the advice of his, her or its respective attorneys as to the meaning and appropriateness of its terms and conditions; therefore each Party hereto agrees that the usual rule that the provisions of a document are to be construed against the drafter does not apply to the interpretation of this Agreement.

9.2     This Agreement constitutes a single, integrated, written contract expressing the entire agreement among the Parties. No other statements, representations or promises, written or oral, express or implied, have been made by the Parties. All prior discussions and negotiations among the Parties, have been and are merged and integrated into, and are superseded by, this Agreement.

9.3     All questions with respect to the construction of this Agreement and the rights and liabilities of the Parties hereto shall be resolved in accordance with the laws of the State of California.

9.4     The headings in this Agreement are for convenience only, are not part of this Agreement, and shall not in any way affect interpretation of this Agreement.

9.5     This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.

9.6     Each Party hereto agrees to execute any and all supplementary documents and take all actions which may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement. Since the purpose of this Agreement is to compromise and settle all

7

Plaintiffs' claims, as well as any and all unspecified past, present and future claims of the Plaintiffs arising out of acts or omissions on or before the Effective Date, the undersigned agree, covenant and warrant that should there be any errors or mistakes, whether legal or factual, and whether mutual or unilateral, which cause this Agreement to be defective or less than a full, final and complete settlement as to the Parties being released hereby, the Parties will execute any and all instruments, and do any and all other things, necessary to effectuate a full, final and complete settlement and release.

        9.7     Plaintiffs, and each of them, have read the terms and conditions set forth in this Agreement, or have had such terms and conditions read or explained to them, and have had the opportunity to discuss those terms and conditions with counsel.

        9.8     In addition to the warranties, representations, acknowledgments and agreements contained heretofore, Plaintiffs, and each of them, represent, warrant, acknowledge and agree that:

        a.     Plaintiffs, and each of them, have received sufficient value from and on behalf of PacifiCorp as consideration for this Agreement;

        b.     Plaintiffs, and each of them, are voluntarily entering into this Agreement;

        c.     Plaintiffs, and each of them, have had the opportunity to consult legal counsel in the preparation and arms-length negotiation of this Agreement and Plaintiffs, and each of them, have had sufficient time in which to consult with their counsel and any other experts or advisors of their choosing before executing this Agreement;

        d.     Plaintiffs, and each of them, have not been induced to enter into this Agreement by any representation made by any attorney, agent or other representative of

PacifiCorp as to the nature or extent of any of the Plaintiffs' alleged claims, nor as to the nature or extent of legal liability or financial responsibility of PacifiCorp; Plaintiffs, and each of them, are relying exclusively upon their belief, knowledge and judgment of the nature and extent of the claims and the alleged exposures and damages which they purportedly suffered or may suffer, after consultation with their attorneys, experts or advisors of their choosing.

9.9    In addition to the warranties, representations, acknowledgments and agreements contained heretofore, the Parties, and each of them, represent, warrant, acknowledge and agree that he, she, or it has full capacity, standing and authority to enter into this Agreement and to sign any such other papers as may be necessary to supplement or effectuate the provisions of this Agreement.

9.10    Plaintiffs, and each of them, represent and warrant that no Plaintiff has previously assigned, conveyed or transferred to any person or entity any of the claims released pursuant to Paragraphs 4.1 and 4.2. As Plaintiffs represent that they have not assigned any of those claims, Plaintiffs will defend, indemnify and hold PacifiCorp harmless from any liability, claims, demands, damages, costs, expenses, and attorneys' fees incurred by PacifiCorp as a result of any person asserting with respect to Plaintiffs, or any of them, any such assignment or transfer or any other claim filed in connection with the claims released or payments made pursuant to this Agreement.

9.11    PacifiCorp represents and warrants that PacifiCorp has not previously assigned, conveyed or transferred to any person or entity any of the claims released pursuant to Paragraphs 4.3 and 4.4. As PacifiCorp represents that it has not assigned any of those claims, PacifiCorp will defend, indemnify and hold Plaintiffs, and each of them, harmless from any liability, claims, demands, damages, costs, expenses, and attorneys' fees incurred by Plaintiffs, or

SF\674998.8

9

any of them, as a result of any person asserting with respect to PacifiCorp any such assignment or transfer or any other claim filed in connection with the claims released or payments made pursuant to this Agreement.

9.12    Should any judicial authority invalidate any provision of this Agreement or the application of this Agreement to any Party or circumstance, the application of such provision to other Parties or circumstances and the remainder of the Agreement shall remain in force and shall not be affected thereby, unless such holding materially changes the terms of the Agreement.

9.13    This Agreement shall not be subject to attack on the ground that any or all of the legal theories or factual assumptions used for negotiating purposes are or were for any reason inaccurate or inappropriate. If any Party to this Agreement brings an action to enforce its rights hereunder, the prevailing Party shall be entitled to recover its attorney's fees, costs and expenses, whether or not otherwise recoverable, incurred in connection with such suit.

9.14    This Agreement may not be amended except by a writing which is signed by PacifiCorp and any other Party or Parties to be bound by such amendment.

9.15    This Agreement shall have no force or effect unless and until executed by all Parties.

9.16    Each Party hereto acknowledges and agrees that Magistrate Judge Joseph Spero of the United States District Court for the Northern District of California shall retain full and complete jurisdiction for the enforcement of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement.

**PACIFICORP**

DATED: 10/15/2008

By: John Sample, Assistant General Counsel
Authorized Representative of PacifiCorp

By:    John Sample, Assistant General Counsel
Authorized Representative of PacifiCorp

**PLAINTIFFS**

DATED: _____

_____
Howard McConnell

DATED: 10/17/08

*Blythe Reis (M.D.)*
Blythe Reis

DATED: _____

_____
Terance Supahan

DATED: _____

_____
Frankie Joe Myers

DATED: 10/18/08

_____
Leaf Hillman

By:     John Sample, Assistant General Counsel
Authorized Representative of PacifiCorp

## PLAINTIFFS

DATED: _10-16-08_        *Howard McConnell*
                                Howard McConnell

DATED: _____        _____
                                  Blythe Reis

DATED: _____        _____
                                  Terance Supahan

DATED: _____        _____
                                  Frankie Joe Myers

DATED: _____        _____
                                  Leaf Hillman

By:    John Sample, Assistant General Counsel
Authorized Representative of PacifiCorp

## PLAINTIFFS

DATED: _____

Howard McConnell

DATED: _____

Blythe Reis

DATED: *10-16-08*

Terance Supahan

DATED: _____

Frankie Joe Myers

DATED: _____

Leaf Hillman

Oct-16-2008  11:07am   From-NCIDC           707-445-8479           T-818   P.002/002   F-838

## **PLAINTIFFS**

DATED: _____

_____
Howard McConnell

DATED: _____

_____
Blythe Reis

DATED: _____

_____
Terance Supahan

DATED: 10/21/08

_____
Frankie Joe Myers

DATED: _____

_____
Leaf Hillman